### No. 9300.

### KNOWLES *v.* LOWER CLEAR CREEK DITCH COMPANY.

CONTRACT—*Construed.* An irrigation company contracted in writing with defendants and others that they should perpetually be entitled to buy water "necessary for the irrigation" of certain described lands, upon certain terms. The volume to be delivered was not specified. Held that the court could not, in the absence of allegation and proof, assume that a particular volume of water was necessary for the irrigation of the lands, or any portion thereof.

That the company, without the knowledge of the land owners, set apart a particular volume to be applied to the land, was held unimportant.

*Error to Adams District Court, Hon. Harry S. Class, Judge.*

Mr. T. WEBSTER HOYT, for plaintiff in error.

Mr. HENRY E. MAY, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THIS action by defendant in error, is for the recovery of a sum alleged to be due from the plaintiff in error, defendant below, for water said to have been delivered for irrigation purposes, under a written contract between the parties.

The complaint alleges that on the 16th day of July, 1902, the parties entered into a written contract whereby it was agreed that the defendant "shall perpetually have the right to buy water necessary for the irrigation of the S. ½ of N. E.¼ and N. ½ of N. ½ of the S. E. ¼ of Sec. 18, Twp. 2 S. of R. 67 W upon the same terms and conditions as other purchasers of water who are not stockholders," and that said water was to be delivered by the plaintiff to defendant at his headgate upon said lands.

Further, that at the time of the institution of the suit the defendant was the owner of fifty acres of said tract and that:

"At all times herein mentioned twenty inches of water constituted and was the necessary water for the irrigation of the lands aforesaid.

That each year since July 16, A. D. 1902, the plaintiff has carried in its ditch for the defendant 20 inches of water, and has at all times since the 16th day of July, A. D. 1902, been ready, able and willing to have defendant withdraw said 20 inches of water from the plaintiff's said ditch, and apply the same upon the lands aforesaid; that each year since July 16th, 1902, the plaintiff has delivered said 20 inches of water at defendant's premises to be applied upon the lands aforesaid.

That the terms and conditions upon which other purchasers of water from the plaintiff who are not stockholders purchase water are, that they pay an annual fee of $1.50 per inch of water per year, is a reasonable charge and is the usual and customary charge.

That the defendant has failed to pay the plaintiff said one dollar and fifty cents per inch or any part thereof for

the years 1903, 1904, 1905, 1906, 1907, 1908, 1909, 1910, 1911, 1912, 1913, 1914 and 1915."

The answer admitted the contract, but alleged that parts of the land had been conveyed to other parties, and other parts leased, and further, that there were years when the defendant used no water at all.

The answer further denied that there was any sum whatsoever due plaintiff, and alleged that under the contract the defendant was under no obligation to buy water from said plaintiff for irrigation of lands mentioned, annually, and further that he did not buy water for the irrigation of said land, and that no water was necessary for the irrigation of the same.

At the close of plaintiff's testimony the defendant moved a nonsuit on the ground that the proof was insufficient upon which to sustain a judgment for plaintiff. Judgment was thereupon rendered in favor of the plaintiff as prayed for, and in the sum of $608.40.

We think the motion for a nonsuit should have been sustained. The judgment was rendered upon the theory that defendant had agreed to buy eighty inches of water annually for use upon the land described in the agreement, and that plaintiff had delivered this amount at defendant's headgate each year. That plaintiff's grantees and lessees had taken and paid for about sixty inches of water each year, and that therefore defendant was obligated to pay for the difference between the eighty inches contracted for, and the sixty inches theretofore used and paid for.

But nowhere in the complaint is it alleged, nor does it appear in the proof that the defendant agreed to purchase, or the plaintiff to supply eighty inches of water per annum.

The action is on the contract, and that instrument, provides that defendant "shall perpetually have the right to buy the necessary water for irrigation," of a particular tract of land. There is neither allegation nor proof that this purpose required the use of eighty inches of water, nor

any other specific amount. The case was tried to the court
without a jury.

The court cannot assume without allegation and without
proof that the defendant agreed to purchase eighty inches
of water, or any more than was required for use on the
one hundred and twenty acres of land set out in the contract
whatever that may be.

It is true that it appears from the testimony that plain-
tiff set apart eighty inches of water for use of defendant.
But it does not appear that this was with the knowledge or
consent of defendant, nor at his request. For this reason
we do not find it important or necessary to consider other
assignments of error.

The judgment is reversed with instruction to dismiss the
proceeding.

Garrigues, C. J. and Denison, J., concur.